United States District Court
Southern District of Texas
**ENTERED**
February 18, 2021
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LPL FINANCIAL LLC, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3483 |
| | § | |
| JUAN ANGEL IBARRA | § | |
| RODRIGUEZ, *et al.*, | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

The First Amended Petition to Confirm Arbitration Award ("Petition to Confirm") and Enjoin Second Arbitration ("Petition to Enjoin") (collectively, "Petition") [Doc. # 10] filed by Petitioner LPL Financial LLC ("LPL") is before the Court on Respondents Juan Angel Ibarra Rodriguez and Myriam Rodriguez Ibarra Gonzalez's Motion to Dismiss [Doc. # 12], seeking dismissal of the Petition.  LPL filed a Response [Doc. # 13] in opposition to the Motion to Dismiss, and Respondents filed a Reply [Doc. # 18].

Also pending is LPL's Motion to Confirm Arbitration Award and Enjoin Second Arbitration ("Motion to Confirm and Enjoin") [Doc. # 14].  Respondents filed a Response [Doc. # 21] in opposition to the Motion to Confirm and Enjoin, and LPL filed a Reply [Doc. # 23].

The Court has carefully reviewed the record and the applicable legal authorities. The Court **grants** the Motion to Confirm and **denies** the Motion to Enjoin.

## I.      MOTION TO CONFIRM AWARD IN FINRA NO. 17-00904

### A.      Factual Background

Respondents filed a lawsuit against Lone Star National Bank in state court in Hidalgo County, Texas, in December 2015 (the "Hidalgo County Lawsuit").  In January 2016, Respondents added LPL as a defendant to the Hidalgo County Lawsuit. The Hidalgo County Lawsuit involved Respondents' banking relationship with Lone Star National Bank, and the financial services provided to them by LPL.  *See* Second Amended Petition in Hidalgo County Lawsuit [Doc. # 12-2], pp. 8-12.

In October and December 2016, the Hidalgo County court entered orders compelling arbitration of the dispute before the Financial Industry Regulatory Authority ("FINRA") and stayed the Hidalgo County Lawsuit pending the completion of the arbitration.  *See* October 14, 2016 Order [Doc. # 12-2], p. 13; December 13, 2016 Order [Doc. # 12-2], p. 16.  The FINRA arbitration was filed as FINRA No. 17-00904.

Respondents and Lone Star National Bank resolved their dispute, and the Bank was dismissed from the Hidalgo County Lawsuit and from the arbitration.

On November 13, 2019, following a final arbitration hearing, the Arbitration

Panel entered a final Arbitration Award in FINRA No. 17-00904.  In the Arbitration Award, LPL was held liable to Respondents for $864,839.70 in compensatory damages, $340,000 in attorneys' fees, and $350,000 in "additional damages."  *See* Arbitration Award [Doc. # 9-1], p. 6.

Neither party to FINRA No. 17-00904 moved to vacate or otherwise challenged any aspect of the Arbitration Award within three months after it was issued.  LPL paid the full amount of the Arbitration Award on December 10, 2019.

On October 9, 2020, LPL filed a Petition for Confirmation of Arbitration Award [Doc. # 2] in this federal district court.

## B.    Subject Matter Jurisdiction

Respondents argue that the Court lacks subject matter jurisdiction over the Petition to Confirm because the amount in controversy does not exceed the jurisdictional minimum.  "It is well established that the FAA is not an independent grant of federal jurisdiction."  *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004). Instead, a district court has jurisdiction to consider arbitration-related matters only if the court would have jurisdiction over a lawsuit arising out of the controversy between the parties. *See Vaden v. Discover Bank*, 556 U.S. 49, 52 (2009).

A federal district court has diversity jurisdiction in a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between" citizens of different states.  28 U.S.C. § 1332(a).  The amount in controversy for purposes of diversity jurisdiction over a petition to confirm an arbitration award "is the amount sought in the underlying arbitration."  *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182 (5th Cir. 2016).

It is uncontested that LPL is a citizen of Massachusetts, and Respondents are citizens of Texas.  The amount sought in FINRA No. 17-00904 was $13,927,630.81.  *See* Arbitration Award [Doc. # 9-1], p. 3.  Therefore, although LPL has fully paid the Arbitration Award, the jurisdictional amount for purposes of diversity jurisdiction is satisfied.  The Court has subject matter jurisdiction over the Motion to Confirm the Arbitration Award in FINRA No. 17-00904.

### C.    Standard for Confirmation of Arbitration Award

Under the Federal Arbitration Act ("FAA"), "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court ***must*** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9.  The United States Supreme Court has held that the judicial confirmation provision in § 9 "carries no hint of flexibility."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).  When presented with an application for an order confirming the arbitration award, the Court "must grant" the order "unless the

award is vacated, modified, or corrected as prescribed in sections 10 and 11" of Title 9. Id. (quoting 9 U.S.C. § 9). The Supreme Court held that there "is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008); *see also Hamstein Cumberland Music Grp. v. Williams*, 532 F. App'x 538, 543 (5th Cir. May 10, 2013).

The Arbitration Award has not been vacated, modified, or corrected as prescribed in sections 10 and 11 of the FAA. "Notice of a motion to vacate, modify, or correct an award [pursuant to sections 10 and 11] must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. It is undisputed that Respondents did not move to have the Arbitration Award vacated, modified, or corrected within three months after it was issued. As a result, such a motion would now be untimely.

In accordance with § 9 of the FAA, the Court must grant the Petition to Confirm the Arbitration Award in FINRA No. 17-00904. The Court confirms the award, and notes that it has been fully satisfied.

## II.   **MOTION TO ENJOIN FINRA ARBITRATION NO. 20-03694**

### A.   **Factual Background**

Respondents allege that they learned, from discovery ordered to be produced

during the arbitration in FINRA No. 17-00904, of claims they had against Financial Resources Group Investment Services, LLC ("Financial Resources"), Edward Bruce Miller, and Antonio Reyna, each affiliated with LPL.  Because adding the new parties and claims to the existing arbitration proceeding would cause delay, the Arbitration Panel in FINRA No. 17-00904 denied Respondents' request to amend the claims in the arbitration.  *See* Dec. 24, 2018 Order [Doc. # 12-2], pp. 76-77.

On March 26, 2019, Respondent Ibarra Gonzalez filed suit against Christian Garza, Edward Bruce Miller, Antonio Reyna, and Financial Resources in Texas state court in Starr County (the "Starr County Lawsuit").  By Order signed June 28, 2019, the Starr County court granted Miller, Reyna, and Financial Resources's request to compel arbitration and stayed the Starr County Lawsuit pending completion of that arbitration proceeding.  *See* Order [Doc. # 12-2], pp. 78-79.  The arbitration of the claims in the Starr County Lawsuit was filed as FINRA No. 20-03694.  The parties are Respondents Myriam Rodriguez Ibarra Gonzalez and Juan Angel Ibarra Rodriguez against Financial Resources, Miller, Reyna, and LPL.  *See* Statement of Issues [Doc. # 12-2].

On November 20, 2020, LPL filed an Amended Petition [Doc. # 10] in this federal case, adding a request to Enjoin the Second Arbitration.

## B.      Required Parties

Respondents argue Financial Resources, Miller and Reyna are required parties to the Petition to Enjoin, and that the joinder of Reyna will destroy diversity jurisdiction.  An absent party is a required party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest."  FED. R. CIV. P. 19(a)(1)(B)(i).  LPL argues that Financial Resources, Miller and Reyna are not required parties.  The record establishes, however, that these parties moved to compel arbitration of the claims in the Starr County Lawsuit.  Indeed, their first request to compel arbitration was denied and they filed a motion for reconsideration, which was granted.  *See* Order [Doc. # 12-2], pp. 78-79.  It is clear that Financial Resources, Miller, and Reyna have an interest in continuing the arbitration that they requested and that LPL seeks to enjoin.

It is uncontested that Reyna is a citizen of Texas, as are Respondents.  As a result, joinder of Reyna as a party to the Petition would defeat diversity jurisdiction as to the Petition to Enjoin.[1]

---

[1]      To the extent that, even with the joinder of Texas resident Reyna, the Court has supplemental jurisdiction over the Petition to Enjoin pursuant to 28 U.S.C. § 1367(a), the Court would decline to exercise supplemental jurisdiction over that request.  The Court would decline to exercise supplemental jurisdiction pursuant to § 1367(c)(3) now that the Petition to Confirm has been decided.  *See, e.g., Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000).  The Court would decline to exercise

Where, as here, joinder of a required party would destroy jurisdiction, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). Rule 19(b) lists four factors to be considered by the Court when deciding whether the case should be dismissed if joinder would destroy jurisdiction:

(1)     the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2)     the extent to which any prejudice could be lessened or avoided . . .;

(3)     whether a judgment rendered in the person's absence would be adequate; and

(4)     whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*   A judgment in this case enjoining FINRA No. 20-03694 would significantly prejudice Reyna and the other parties to that arbitration. Financial Resources, Miller, and Reyna specifically requested that the Starr County court compel arbitration of the Starr County Lawsuit. The Court is unaware of any means by which the prejudice could be lessened or avoided. A judgment granting the Petition to Enjoin would be

---

supplemental jurisdiction also pursuant to § 1367(c)(4) under the exceptional circumstances that Financial Resources, Miller, and Reyna have not joined in the Petition to Enjoin and that the arbitration LPL seeks to enjoin was ordered by a state court judge in a state court proceeding.

adequate to stop the arbitration proceeding in FINRA No. 20-03694, but LPL can seek an injunction from the Starr County court that ordered the arbitration and, therefore, has an adequate remedy if the claim for an injunction asserted here is dismissed.

Based on its consideration of the four factors in Rule 19(b), the Court dismisses the Petition to Enjoin without prejudice to the injunction request being presented to the Starr County court.

### C.    Anti-Injunction Act

Additionally, the Anti-Injunction Act precludes the injunction LPL requests. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court *except* as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283 (emphasis added); *Hill v. Washburne*, 953 F.3d 296, 307 (5th Cir. 2020).   The Anti-Injunction Act recognizes the "independence of the States and their courts" and, as a result, the exceptions should be narrowly construed.  *See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970); *Aptim Corp. v. McCall*, 888 F.3d 129, 142-43 (5th Cir. 2018).

The Anti-Injunction Act is not jurisdictional.  *See Regions Bank of La. v. Rivet*, 224 F.3d 483, 493 (5th Cir. 2000); *Matter of Mooney Aviation, Inc.*, 730 F.2d 367,

372 (5th Cir. 1984).  Nonetheless, the Court may invoke the Anti-Injunction Act *sua sponte* "to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court." *Gloucester Marine Rwys. Corp. v. Charles Parisi, Inc.*, 848 F.2d 12, 15 (1st Cir. 1988); *see also Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004); *Hickey v. Duffy*, 827 F.2d 234, 243 (7th Cir. 1987); *Rubygold Main Holdings, LLC v. Brian Gardner Carpentry, LLC*, 2021 WL 231509, *6 (D.N.H. Jan. 22, 2021).

An arbitration is a "state proceeding" for purposes of the Anti-Injunction Act if it has been ordered by a state court in a state court proceeding.  *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 879 (9th Cir. 2000).  A federal court generally lacks the authority to interrupt an arbitration proceeding by enjoining what the state court has commanded.  *See id.*

The application of the Anti-Injunction Act to preclude the injunction of an arbitration ordered by a state court is further supported by the federal policy favoring arbitration, discussed in *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).  It would violate this well-established federal policy for a federal court to enjoin an arbitration that has been ordered by a state court.

In this case, it is uncontested that FINRA Arbitration No. 20-03694 was ordered by the Starr County court in that Texas state court proceeding.  None of the exceptions

to the Anti-Injunction Act apply. An injunction against a state-court ordered arbitration proceeding is not expressly authorized by an Act of Congress.[2] The requested injunction of FINRA No. 20-03694 is not necessary in aid of this Court's jurisdiction, or "to protect or effectuate its judgments."[3] As a result, the Anti-Injunction Act prevents the Court from granting the Petition to Enjoin.

## III.  CONCLUSION AND ORDER

The Court has subject matter jurisdiction over the Petition to Confirm and, under the circumstances of this case, is required to confirm the Arbitration Award.

Financial Resources, Edward Bruce Miller, and Antonio Reyna are required parties, and the joinder of Reyna would destroy diversity jurisdiction. As a result, the Petition to Enjoin is dismissed without prejudice pursuant to Rule 19(b).

---

[2]    The FAA provides that "the court in which such suit is pending" may stay a lawsuit that is subject to a valid arbitration agreement while the arbitration is ongoing. *See* 9 U.S.C. § 3. The FAA also provides that the judge presiding over a motion to vacate, modify, or correct an arbitration award may issue an order "staying the proceedings of the adverse party to enforce the award." *See* 9 U.S.C. § 12. The FAA does not, however, include a provision allowing a district court to stay or enjoin a state court proceeding, including an ongoing arbitration ordered by a state court.

[3]    This "protect or effectuate its judgments" exception often provides the basis for a federal court to stay a state court lawsuit when the federal court has issued a judgment *compelling* arbitration. *See, e.g., Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018); *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 898 (5th Cir. 2013); *GC Servs. Ltd. P'ship v. Little*, 2019 WL 2647690, *8 (S.D. Tex. June 27, 2019). In this case, however, the Court has not entered any judgments that would be protected or effectuated by an injunction against FINRA No. 20-03694.

Additionally, the Anti-Injunction act precludes this Court from enjoining FINRA No. 20-03694, an arbitration proceeding ordered by the Starr County state court in the Starr County Lawsuit.  LPL is not precluded from seeking an injunction from the Starr County court.  Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 12] is **DENIED** as to the Petition to Confirm Arbitration Award, and the Motion to Confirm Arbitration Award [Doc. # 14] is **GRANTED**.  The Arbitration Award in FINRA Arbitration No. 17-00904 is **CONFIRMED** and has been paid in full.  It is further

**ORDERED** that the Motion to Dismiss [Doc. # 12] is **GRANTED** as to the Petition to Enjoin Second Arbitration, FINRA Arbitration No. 20-03694. The Motion to Enjoin Second Arbitration [Doc. # 14] is **DENIED WITHOUT PREJUDICE** to LPL seeking an injunction from the state court in Starr County, Texas, that ordered the arbitration.

The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **18th** day of **February, 2021**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE